UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EARL WALKER,<br>Plaintiff,<br>v.<br>RONALD DAVIS, et al.,<br>Defendants. | Case No. 17-cv-04361-MEJ (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff, a prisoner of the State of California currently incarcerated at San Quentin State Prison (SQSP), filed this civil rights action pursuant to 42 U.S.C. § 1983, complaining of inadequate medical accommodation at that facility. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the complaint is dismissed with leave to amend.

## DISCUSSION

**A.  Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  Legal Claims**

Plaintiff alleges that he suffers from epileptic seizures. Notwithstanding this condition, he was assigned to an upper bunk. On February 1, 2015, he had a seizure at approximately 11:56 p.m., causing him to fall from his bunk to the floor. He was knocked unconscious and suffered a wound to his head above his right eye. Plaintiff alleges that defendants knew of his epilepsy and acted with deliberate indifference in assigning him to an upper bunk. He names as defendants SQSP warden Ronald Davis, SQSP chief medical officer Elena Tootell, and John Doe.

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To state an Eighth Amendment violation, two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Id.* at 834. Neither negligence nor gross negligence will constitute deliberate indifference. *See id.* at 835-36 & n.4. A prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate

2

health or safety by failing to take reasonable steps to abate it. *See id.* at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *See id.*

Here, even liberally construed, plaintiff has not stated a claim that defendants were deliberately indifferent to his serious medical needs. From the allegations, no reasonable inference can be made that defendants were criminally reckless, or that they knew that in giving plaintiff an upper bunk, they would be subjecting plaintiff to an excessive risk to his health. Any risk posed by an upper bunk is not obvious enough to lead to an inference of subjective awareness of a substantial risk of harm to the inmate required to use it.

Further plaintiff fails to link one or more defendants to his claim. Although plaintiff names three defendants, he proffers no facts to demonstrate what any defendant did or did not do. He should not refer to them as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each involved defendant did or failed to do that caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). If plaintiff wants to name a supervisor as a defendant, he must allege (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011). Those persons in charge of the prison or in charge of medical staff, such as the warden or chief medical officer, have no § 1983 liability based merely on the fact that they employ the alleged wrongdoer.

Finally, plaintiff is cautioned that the use of "Jane Doe" or "John Doe" to identify a defendant is not favored in the Ninth Circuit. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Although the use of a Doe defendant designation is acceptable to withstand dismissal of a complaint at the initial review stage, using a Doe defendant designation creates its own problem: the person identified as a Doe cannot be served with process until he or she is identified by his or her real name. If plaintiff files an amended complaint and seeks to include the person identified as John Doe as a defendant, plaintiff must take steps promptly to discover the full name (i.e., first and last name) of John Doe and provide that information to the Court in his amended

3

complaint. The burden remains on the plaintiff; the Court cannot undertake to investigate the names and identities of unnamed defendants.

As the complaint currently reads, plaintiff has not stated a cognizable claim against any defendant. However, if plaintiff believes that he can cure the deficiencies addressed above, he may amend his complaint to do so.

## CONCLUSION

For the foregoing reasons, the Court hereby orders as follows:

1. Plaintiff's complaint is DISMISSED with leave to amend.

2. If plaintiff can cure the pleading deficiencies described above, he shall file an amended complaint within **thirty (30) days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 17-4361 MEJ (PR)) and the words AMENDED COMPLAINT on the first page. The amended complaint must indicate which specific, named defendant(s) was involved in each cause of action, what each defendant did, what effect this had on plaintiff and what right plaintiff alleges was violated. Plaintiff must also provide dates for the alleged incidents. Plaintiff may not incorporate material from the prior complaint by reference. If plaintiff files an amended complaint, he must allege, in good faith, facts - not merely conclusions of law - that demonstrate that he is entitled to relief under the applicable federal statutes. **Failure to file an amended complaint within thirty days and in accordance with this order will result in the dismissal of this case without prejudice.**

3. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

4. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of

Civil Procedure 41(b).

The Clerk shall include a copy of the court's form complaint with a copy of this order to plaintiff.

**IT IS SO ORDERED.**

Dated: October 5, 2017

MARIA-ELENA JAMES
United States Magistrate Judge